UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-5885 DSF (VBKx) | Date | 11/25/08 |
| Title | Aries Music Entertainment, Inc. v. Capitol Records, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Second Order to Show Cause re Dismissal For Lack of Subject Matter Jurisdiction

On October 1, 2008, this Court issued an order to show cause re dismissal for lack of subject matter jurisdiction. In the meantime, Plaintiff has filed two amended complaints altering the parties and jurisdictional allegations. The second amended complaint ("SAC") continues to contain jurisdictional defects.

First, Plaintiff's citizenship is not properly alleged. Plaintiff is a corporation and the allegations of its principal place of business must satisfy the test set out in Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990). This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the its (a) income is earned, (b) purchases are made, and (c) sales take place. Id. The alternate "nerve center" test may only be applied if plaintiff(s) establish(es) pursuant to the foregoing factors that no state contains a substantial predominance of the corporation's business activities. Id. Under this test, a corporation's principal place of business is where its executive and administrative functions are performed. Id. at 1092. The SAC only includes a conclusory allegation that "AME [sic] principal place of business and corporate offices are in the State of California within the County of Los Angeles and is engaged in the business of producing sound recordings." (SAC ¶ 3.)

Second, Plaintiff fails to establish the citizenship of Defendant, Capitol Records LLC. Plaintiff correctly recognizes that a limited liability company is a citizen of the

same states where its members are citizens. Plaintiff alleges that Defendant has only one member, Maltby Investments Ltd., which is presumably an incorporated entity. (SAC ¶ 4.) However, Plaintiff does not establish the citizenship of Maltby under the Industrial Tectonics total activities test. (See id.)

For these reasons, the Court orders Plaintiff to show cause in writing no later than **January 12, 2009** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. If Plaintiff requires additional discovery to establish the citizenship of Defendant, Plaintiff may request additional time to engage in jurisdictional discovery, provided that such a request is made on or before the above deadline. Courtesy copies are to be delivered to Chambers. Failure to respond by the above date will result in the Court **dismissing** this action.

The Court further orders Plaintiff promptly to serve this minute order on any defendant who has been served with the complaint, or who is served before the date specified above.

IT IS SO ORDERED.