1 | Michael E. Weinsten, Esq. (SBN: 155680)
  | mweinsten@linerlaw.com
2 | Daniel R. Gutenplan, Esq. (SBN: 260412)
  | dgutenplan@linerlaw.com
3 | LINER GRODE STEIN YANKELEVITZ
  | SUNSHINE REGENSTREIF & TAYLOR LLP
4 | 1100 Glendon Avenue, 14th Floor
  | Los Angeles, California 90024-3503
5 | Telephone: (310) 500-3500
  | Facsimile: (310) 500-3501

Attorneys for Defendants
CAPITOL RECORDS, LLC d/b/a EMI TELEVISA MUSIC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ARIES MUSIC ENTERTAINMENT, INC., a Florida corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CAPITOL RECORDS, LLC doing business as EMI TELEVISA MUSIC; and DOES 1 through 5,<br><br>　　　　Defendants. | Case No. CV08-05885-DSF (VBKx)<br><br>**PROTECTIVE ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS** |

1.      In connection with discovery proceedings in this action, all materials obtained or requested through such discovery, including, without limitation, any document, exhibit, information, thing, testimony or other information derived therefrom (hereinafter "Discovery Materials"), and the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part therefrom shall be used only for purposes of the direct prosecution of this action, the defense of this action, or for settlement proceedings in this action, and for no other purpose. No party shall disseminate or disclose any Discovery Materials to any third parties by any means other than for purposes of litigation of this action.

2.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

3.      If any third party serves a subpoena or other process or request seeking inspection or production of any information received through discovery in this matter, the party to whom the demand is made shall inform the producing party's counsel immediately in writing, and shall not permit inspection by or production to any third party until thirty (30) days after such notice is given so that the notified counsel can take steps to enforce this Order if deemed necessary. If a response is required from the subpoenaed party within a time period of less than thirty (30) days, the party shall provide immediate notice in sufficient time to allow the notified counsel to take steps to enforce this Order, and shall not permit inspection by or production to any third party before the last possible date for response.

4.      The terms of this Order shall be effective and binding upon execution by counsel for both parties and shall remain so pending entry by the Court of this Order or some version hereof.

5.      This Order shall survive the final termination of this action, to the extent the Discovery Materials do not become known to the public through disclosure not

due to any breach by the receiving party.  The Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after the conclusion of this action in its entirety (including the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received Discovery Materials shall dispose of all such material, at the option of the producing party, either by:  (i) returning such material to counsel for the producing party; or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person.  Upon request, the parties and their counsel shall provide unqualified written certification to any producing party making the request that such disposal has been completed.

6. Outside counsel for the parties shall be entitled to retain all papers and pleadings, deposition and hearing transcripts, exhibits used in affidavits or declarations, at depositions, and at court hearings, and attorney work-product, including materials which contain, quote, discuss, or analyze Discovery Materials, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party.  The Discovery Materials kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. Unless otherwise agreed to, outside counsel for each party may retain archival copies of all Discovery Materials marked as an exhibit during a deposition, used at a hearing, or filed with the Court, and this Order shall remain in force with respect to such material.

**IT IS SO ORDERED.**

Dated:  November 30, 2009  　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Hon. Victor B. Kenton
　　　　　　　　　　　　　　　　　　Magistrate Judge, United States District Court

3    Case No. CV08-05885-DSF (VBKx)
[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS
0023534/001/ 445720v01